UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNICARE LIFE & HEALTH INSURANCE
COMPANY,

      Plaintiff,

v.                                               Case No. 06-CV-13569

ANN K. HARRIS, et al.,

      Defendants.
                                         /

**ORDER GRANTING IN PART UNICARE'S REQUEST FOR ATTORNEY FEES AND GRANTING IN PART ANN HARRIS'S MOTION FOR ATTORNEY FEES**

On February 1, 2007, the court issued an order granting in part Plaintiff Unicare Life & Health Insurance's ("Unicare's") "Motion to Deposit Funds Into the Court and For a Complete and Total Discharge." Specifically, the court granted Unicare's request for an order allowing disputed funds to be deposited with the clerk of the court, but withheld ruling on Unicare's request for attorney fees and costs. Subsequently, Defendant Ann Harris and the guardian *ad litem* for the minor Defendant filed a joint motion for attorney fees. No responses have been filed to either Unicare's motion or Ann Harris's motion. The court has reviewed the motions, and will grant part of the relief each motion seeks.

**I. UNICARE'S REQUEST FOR ATTORNEY FEES**

In Unicare's "Motion to Deposit Funds Into the Court and For a Complete and Total Discharge," Unicare requests that the court award it $6,945.00 in attorney fees and costs, to be paid out of the $24,806.25 deposited with the Clerk of the Court. (*See* 2/01/07 Order, Dkt. # 19.) No opposition brief has been filed to this request.

"Under Federal law, the general rule is that a disinterested 'mere stakeholder' plaintiff who brings a necessary interpleader action is entitled to a reasonable award of attorneys' fees." *Unum Life Ins. Co. of America v. Kelling,* 170 F. Supp. 2d 792, 793 (M.D. Tenn. 2001) (citing *Mutual Life Insurance Co. v. Bondurant*, 27 F.2d 464, 465 (6th Cir. 1928); *In re Creekstone Apartments Associates, L.P.*, 165 B.R. 851, 855 (Bkrtcy. M.D.Tenn. 1994)); *see also Millers Mut. Ins. Ass'n of Illinois v. Wassall,* 738 F.2d 302, 304 (8th Cir. 1984) ("Under the common law, courts have long awarded attorney fees and costs to a disinterested stakeholder out of an interpleaded fund."). "[W]hether a court should allow a party who commences an interpleader action to recover his attorney[s'][sic] fees and cost of the action is matter committed to judicial discretion." *Kelling*, 170 F. Supp. 2d at 794 (citing *In re Robby's Pancake House of Florida, Inc. v. Walker*, 24 B.R. 989 (Bkrtcy. E.D.Tenn. 1982)).

> The test for awarding fees and costs to a stakeholder in an interpleader action is a typical equitable one that is very similar to the standard used to determine whether interpleader relief ought to be granted-should the interpleading party be required to assume the risk of multiplicity of actions and erroneous election? If not, then the stakeholder should be made whole. 7 Charles A. Wright et al., Federal Practice and Procedure § 1719 at 637 (1986); United States ex rel. General Elec. Co. v. Browne Elec. Co., 168 F.Supp. 806, 808 (E.D.Va.1959).

*John Hancock Mut. Life Ins. Co. v. Jordan*, 836 F.Supp. 743, 749 (D. Colo. 1993).

In its discretion, the court will award Unicare attorney fees and costs, but will limit the recovery to approximately ten percent of the total amount of the insurance proceeds deposited with the Clerk of the Court. While there are equitable considerations which justify the award of attorney fees to Unicare, *see id.*, there are additional considerations which justify the court limiting those fees. Here, Unicare requests almost $7,000 in

2

attorney fees and costs, to be deducted from a policy only totaling $24,806.25.  While Unicare argues that "[t]he facts of this case and circumstances surrounding the Policy proceeds have required Unicare to litigate this case for a far longer amount of time than a typical [i]nterpleader action," (Unicare's 1/17/07 Mot. Br. at 4), awarding Unicare almost one-third of the policy amount would not be an equitable result under the circumstances of this case.  Indeed, "some courts have exempted insurance companies from the general rule [of allowing fees in interpleader actions] based on the policy argument that such an award would senselessly deplete the fund that is the subject of preservation through interpleader."  *Kelling,* 170 F. Supp. 2d at 795.  The relatively modest insurance amount at issue in this litigation justifies the court in limiting Unicare's attorney fees.  The court recognizes that the existence of a minor child and the particular facts at issue in this case may have caused Unicare to incur additional attorney fees,[1] but equity nonetheless requires the court to consider the fairness of such an award.  Although the court finds that Unicare is entitled to recover some of its attorney fees and costs, it will limit the total recovery to $2,000.

## II.  ANN HARRIS'S MOTION FOR ATTORNEY FEES

Also pending before the court is Defendant Ann Harris's motion for attorney fees, in which she asks the court to award her $2,143.34 for the attorney fees she has incurred to date, which she asks to be deducted from the insurance proceeds deposited

---

[1] Unicare did not submit an affidavit explaining how the total amount of attorney fees was calculated.  Accordingly, the court cannot provide a more detailed analysis of whether the attorney fees were reasonably incurred.  The court's analysis, however, turns on the equitable considerations discussed above, rather than a determination that the requested fees were unreasonable.

with the court.  Although no response brief has been filed to Defendant Harris's motion, the court is not persuaded, at this point, that it has the authority to award Harris attorney fees out of the insurance proceeds.  Harris has not cited any case law which would allow the court, prior to judgment, to award attorney fees to one of the potential claimants in an interpleader action.  In the event Harris is successful in this action, or if she is able to locate binding authority supporting her request, the court will revisit this issue.  The court does note, however, that, as with Unicare's request for fees, the court would be inclined to limit Harris's attorney fees in light of the relatively modest amount of the insurance policy at issue.  Although Harris's attorneys' fees appear reasonable, the court would nonetheless in its discretion likely limit the total amount of all fees and costs in this matter to around, or less than, twenty percent of the insurance proceeds.  In this order, the court will award a total of $2,500 to Unicare and the guardian *ad litem*, which decreases the potential amount available to any litigant for attorney fees.  Although the matter is not directly before the court, considering the amount awarded to Unicare and other equitable considerations, in the event Harris were to persuade the court that it had authority to award attorney fees, the court would likely award between $1,500 and $1,800 in fees to Harris.

In her motion, Harris also asks that the court award $500.00 in fees to the guardian *ad litem* appointed by the court.  From previous telephone conferences, it is the court's understanding that $500.00 is the total amount that the guardian *ad litem* will be seeking for his court-requested service in this matter.  This amount is certainly reasonable and the court finds that the interests of equity will allow an award of $500.00 out of the funds deposited with the Clerk of the Court.  Unlike with Defendant Harris, the

minor child had no opportunity to retain her own counsel and the circumstances of this case required the court to appoint Mr. Howard Linden as a guardian *ad litem*. *See generally Merkel v. Long,* 134 N.W.2d 179, 183 (Mich. 1965) (allowing fees of court-appointed guardians *ad litem* to be deducted from trust amount at issue). Thus, the court will grant Harris's request for fees to be awarded to the guardian *ad litem*.[2]

### III. CONCLUSION

IT IS ORDERED that Unicare's request for attorney fees, found within its "Motion to Deposit Funds Into the Court and for a Complete and Total Discharge" [Dkt. # 17] is GRANTED IN PART. It is GRANTED in that $2,000.00 in fees and costs will be awarded to Unicare, and shall be paid upon Unicare's request out of the $24,806.25 deposited with the Clerk of the Court. (*See* 2/01/07 Order, Dkt. # 19.)

IT IS FURTHER ORDERED that Defendant Ann Harris's motion for attorney fees [Dkt. # 20] is GRANTED IN PART and DENIED IN PART. IT IS GRANTED with respect to the request for $500.00 in guardian *ad litem* fees, which shall be paid to Howard Linden upon request out of the $24,806.25 deposited with the Clerk of the Court. (*See* 2/01/07 Order, Dkt. # 19.) IT IS DENIED WITHOUT PREJUDICE with respect to Defendant Ann Harris's request for attorney fees.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2007

---

[2] While it may seem unusual for Ms. Harris to be requesting the fees for the guardian *ad litem*, it was likely arranged between counsel as a way to avoid the incurring of extraneous attorney fees, particularly because the court has exempted the guardian *ad litem* from the court's electronic filing rules. (*See* 12/21/06 Order.)

5

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 21, 2007, by electronic and/or ordinary mail.

                                                      S/Lisa Wagner
                                                      Case Manager and Deputy Clerk
                                                      (313) 234-5522